UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RAZO CERVANTES,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>    Respondent. | Case No. 1:22-cv-00175-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITIONER'S MOTION FOR STAY, DISMISS GROUNDS FIVE AND SIX, AND HOLD PROCEEDINGS IN ABEYANCE<br>(Doc. 3.)<br><br>[FOURTEEN DAY DEADLINE] |

Petitioner is a state prisoner proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 11, 2022, Petitioner filed the instant petition for writ of habeas corpus challenging his 2018 conviction in Kern County Superior Court for multiple murder, personal and intentional discharge of a firearm causing great bodily injury, and personal discharge of a firearm during the commission of a murder. (Doc. 1 at 2.) Petitioner presents six claims for relief, two of which he indicates are unexhausted. (Doc. 3 at 3.)

Along with his petition, Petitioner has filed a motion to stay the proceedings pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). (Doc. 3.) Petitioner requests a stay of the proceedings

1

pending exhaustion in the state courts. As discussed below, the Court will recommend[1] Petitioner's motion for stay be granted.

**DISCUSSION**

I.   Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

II.   Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995).

Petitioner presents six claims in his petition and states that claims five and six are unexhausted. (Doc. 3.) Therefore, the petition is a mixed petition containing unexhausted claims.

III.   Motion for Stay and Abeyance

In the Ninth Circuit, a district court may stay a petition pursuant to Kelly under a three-step process: (1) the petitioner is allowed to amend a mixed petition by deleting unexhausted claims, (2) the exhausted claims are then held in abeyance until the unexhausted claims are exhausted, and (3) the

---

[1] The Court notes that a dismissal without prejudice to allow the petitioner to exhaust claims through still-available state postconviction relief is a final and appealable order if the dismissal ends any chance at federal habeas review should a subsequently-filed federal habeas petition be barred by AEDPA's one-year statute of limitations. Dolis v. Chambers, 454 F.3d 721, 724–25 (7th Cir. 2006). Therefore, the Court will issue a Findings and Recommendation.

petitioner is then allowed to amend the stayed petition to add the now-exhausted claims. Kelly, 315 F.3d 1063.  Under the Kelly procedure, a petitioner is not required to show good cause, as would be required for a stay pursuant to Rhines v. Weber, 544 U.S. 269, 278 (2005). Therefore, the Court will recommend that the motion for stay be granted.

However, the Court cannot indefinitely hold the petition in abeyance.  Petitioner should be directed to file a status report periodically to advise the Court of the state court proceedings.  He should also be directed to file a motion to lift the stay shortly after final action by the state courts.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS:

1) Petitioner's motion for stay be GRANTED;

2) Grounds Five and Six be DISMISSED from the petition without prejudice; and

3) Petitioner be DIRECTED to file a status report within 60 days of the date of service of this Order and every 60 days thereafter.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 15, 2022**            /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE