1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**
9                          **EASTERN DISTRICT OF CALIFORNIA**
10

11   CARLOS CERVANTES,                        )   Case No.: 1:22-cv-00175-NODJ-SKO (HC)
                                              )
12            Petitioner,                     )   FINDINGS AND RECOMMENDATIONS TO
                                              )   GRANT RESPONDENT'S MOTION TO DISMISS
13       v.                                   )   [Doc. 28]
                                              )
14   BRIAN CATES, Warden,                     )   [21-DAY OBJECTION PERIOD]
                                              )
15            Respondent.                     )
                                              )
16   _____ )

17

18         Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28

19   U.S.C. § 2254.  He is represented in this action by Aaron Spolin, Esq.

20         Petitioner filed his petition in this Court on February 11, 2022, along with a motion to stay the

21   proceedings to exhaust Grounds Five and Six.  (Docs. 1, 3.)  On September 2, 2022, the Court granted

22   Petitioner a stay pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003). (Docs. 6, 9.)  Meanwhile,

23   Petitioner pursued a single round of collateral review in the state courts as follows:

24              <u>San Joaquin County Superior Court</u>
                January 18, 2022: Petition filed.
25              March 2, 2022: Petition denied.

26              <u>California Court of Appeals</u>
                September 12, 2022: Petition filed.
27              March 2, 2023: Petition denied.

28

California Supreme Court
May 15, 2023, Petition filed.
August 9, 2023, Petition denied.

(Docs. 23-12, 23-13, 23-14, 23-17, 23-18, 23-19.)

On August 29, 2023, Petitioner advised the Court that exhaustion had been completed and he moved to reopen the case. (Doc. 16.)  The Court granted Petitioner's motion to lift the stay and ordered Respondent to file a responsive pleading. (Docs. 17, 20.)

Pending before the Court is Respondent's motion to dismiss Grounds Five and Six as untimely, filed on November 30, 2023.  (Doc. 28.)  Petitioner filed an opposition to the motion on December 18, 2023, and Respondent filed a reply to the opposition on December 27, 2023.  (Docs. 30, 31.)  Upon review of the pleadings, the Court finds that Grounds Five and Six violate the statute of limitations. The Court will therefore recommend that Respondent's motion to dismiss be granted and Grounds Five and Six be dismissed with prejudice.

## DISCUSSION

I.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default.  Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and

Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Limitations Period for Filing Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on August 14, 2022, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins running on the date that the petitioner's direct review became final. 28 U.S.C. § 2244(d)(1)(A). In this case, the California Supreme Court denied the petition for review on January 13, 2021. (Doc. 23-11.) Direct review concluded on June 12, 2021, when the one hundred and fifty-day period for filing a petition for writ of certiorari expired.[1] The statute of limitations commenced on the following day, June 13, 2021. Absent applicable tolling, the last day to file a federal habeas petition was June 12, 2022.

III.     Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Petitioner is not entitled to statutory tolling for the time period between the finality of direct of review and the commencement of post-conviction collateral review. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). By the time Petitioner filed his state petition on January 18, 2022, 219 days of the limitations period had run, leaving 146 days remaining in the period.

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531

---

[1] The time to file a petition for writ of certiorari was extended to one hundred and fifty-days due to the COVID-19 pandemic.

3

1    U.S. 4, 8 (2000).  Here, the limitations period was tolled during the pendency of the first state habeas

2    petition until it was denied on March 2, 2022.

3            An application is pending during the time that 'a California petitioner completes a full round of

4    [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower

5    court decision and the filing of a petition in a higher court.  Delhomme v. Ramirez, 340 F. 3d 817, 819

6    (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir.

7    2008) (*per curiam*); see Evans v. Chavis,  546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S.

8    214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  In this case,

9    Petitioner did not file his second habeas petition for a period of 193 days.  Respondent contends that

10   Petitioner is not entitled to tolling for this 193-day time interval, because it is too long to consider

11   anything "pending" for tolling purposes under 28 U.S.C. § 2244(d)(2).  Petitioner disputes this for

12   several reasons: 1) he contends California's timeliness standards are too arbitrary to be adequate to bar

13   consideration of his claims and the appellate court did not articulate untimeliness in its denial; 2) he

14   alleges he should be given partial tolling credit for the 193-day interval; and 3) he contends he is

15   actually innocent.

16           Petitioner first contends that California's timeliness standards are too arbitrary to be adequate

17   to bar consideration of his claims.    Petitioner conflates the adequacy analysis used in reviewing

18   procedural default issues with statutory tolling.  See White v. Martel, 601 F.3d 882, 884 (9th Cir. 2010)

19   ("the adequacy analysis used to decide procedural default issues is inapplicable to the issue of whether

20   a state petition was 'properly filed' for purposes of § 2244(d)(2).")  As explained by the Supreme

21   Court in Evans v. Chavis, 546 U.S. 189, 192-93 (2006), "[i]n California, a state prisoner may seek

22   review of an adverse lower court decision by filing an original petition (rather than a notice of appeal)

23   in the higher court, and that petition is timely if filed within a 'reasonable time.'"  Contrary to

24   Petitioner's contention, where a state court does not specifically indicate that the petition was

25   untimely, the petition is not *per se* timely; rather, the federal court "must itself examine the delay in

26   each case and determine what the state courts would have held in respect to timeliness."  Id. at 198.

27           In Robinson v. Lewis, the California Supreme Court adopted a time period of 120 days as the

28   safe harbor for gap delay.  9 Cal. 5th 883, 895, 901 (Cal. 2020) ("A new petition filed in a higher court

within 120 days of the lower court's denial will never be considered untimely due to gap delay.")  The California Supreme Court also opined that finding a petition timely after a six-month gap delay would be "unduly generous." Id. at 901. Petitioner's delay of 193 days is substantially longer, nearly 2.5 months, than California's safe harbor and well beyond the 30 to 60 days allowed by most other states for filing an appeal.  In addition, it is beyond the six-month period that the California Supreme Court would consider "unduly generous" to characterize as timely filed.  There is also no valid justification for the delay.  Unlike most prisoners pursuing collateral relief, Petitioner had the benefit of counsel.  Further, the petition filed in the appellate court, with the exception of reformatting, is virtually identical to the petition filed in the lower court.  The Court agrees with Respondent that the 193-day delay in filing virtually the same habeas petition in the appellate court was unreasonable, and the habeas petition in the appellate court should be considered untimely.

Petitioner also claims he should be entitled to some period of tolling during the 193-day gap.  He states that because California considers 120 days or less to be reasonable, that period of time should not count against the statute of limitations.  This contention lacks merit. Statutory tolling is only available during the period a petition is considered "pending." 28 U.S.C. § 2244(d)(2).  An application is considered pending "as long as the ordinary state collateral review process is 'in continuance' i.e., 'until the completion of' that process." Carey v. Saffold, 536 U.S. 214, 219-220 (2002).  Petitioner's unreasonable delay in effect severed that process, such that the petition filed in the appellate court was no longer part of a continuing process, and thus no longer "pending."

In his final subclaim, Petitioner asserts that his actual innocence excuses any notion of untimeliness.  In McQuiggin v. Perkins, 133 S.Ct. 1924 (2013), the Supreme Court held that actual innocence could serve as a means of avoiding the statute of limitations. However, the Court cautioned that "tenable actual-innocence gateway pleas are rare," and in order to meet that threshold requirement, Petitioner must convince the district court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 1935-36 & n.4.  "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence,

1  trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." <u>Schlup</u>

2  <u>v. Delo</u>, 513 U.S. 298, 324 (1995).  Petitioner makes no such showing.

3  IV.    Relation Back

4        Petitioner contends Grounds Five and Six relate back to the original claims and are therefore

5  timely.  Newly exhausted claims in a subsequent petition only relate back to the original petition if the

6  new claims are tied to claims that were exhausted at the time of filing by "a common core of operative

7  facts." Fed. R. Civ. P. 15(c); <u>King v. Ryan</u>, 564 F.3d 1133, 1140-42 (9th Cir. 2009) (applying the

8  relation back principles discussed in <u>Mayle v. Felix</u>, 545 U.S. 644, 657 (2005), the Ninth Circuit found

9  that any newly exhausted claims must be compared with the properly exhausted claims).  New

10  grounds do not relate back if they differ in both "time and type" from those in the original petition.

11  <u>Mayle</u>, 545 U.S. at 657.

12        In Ground One, Petitioner alleges that his due process rights were violated by the retroactive

13  application of Cal. Penal Code § 859.5.  (Doc. 1 at 14.)  In Ground Two, Petitioner claims he was

14  denied his due process rights due to the trial court's erroneous admission of Petitioner's involuntary

15  confession. (Doc. 1 at 14.) In Ground Three, Petitioner alleges he was denied his due process rights

16  due to the trial court's erroneous voluntary intoxication jury instruction. (Doc. 1 at 15.)  In Ground

17  Four, Petitioner claims he was denied his due process rights when the trial court erroneously instructed

18  the jury on flight. (Doc. 1 at 16.)

19        In Ground Five, Petitioner claims he was denied his due process rights to the effective

20  assistance of counsel as follows: 1) counsel failed to adequately investigate the case; 2) counsel failed

21  to engage and consult with expert witnesses; and 3) counsel failed to bring a <u>Pitchess</u> motion to

22  investigate the role of police misconduct.  (Doc. 1 at 54.)  Ground Five differs in time and type from

23  Ground One because the two grounds are not at all related.  Ground Five differs in time and type from

24  Ground Two because Ground Five concerns the inactions of trial counsel after counsel was appointed,

25  whereas Ground Two relates to the actions of the police and trial court, and the relevant facts occurred

26  prior to counsel's appointment.  Ground Five differs from Grounds Three and Four in time and type

27  because Grounds Three and Four involve the actions of the trial court with respect to jury instructions,

28

1  whereas Ground Five has to do with the inactions of counsel with respect to investigations and

2  witnesses.

3      In Ground Six, Petitioner alleges he is actually innocent of the offenses.  Ground Six differs in

4  time and type from Grounds One through Four, because those grounds relate to erroneous instructions,

5  erroneous admission of evidence, and the application of a state law.  None of those grounds concern

6  Petitioner's alleged actual innocence.

7      In summary, Grounds Five and Six do not share a common core of operative facts with

8  Grounds One through Four and therefore do not relate back to those claims.

9  V.    Conclusion

10     For the foregoing reasons, the Court finds that the petition filed in the appellate court was

11 untimely, and therefore nothing was "pending" during the 193-day interval.  Thus, Petitioner is not

12 entitled to any tolling after the superior court petition was denied.  In addition, Grounds Five and Six

13 do not relate back to the original four grounds.  Thus, the limitations period resumed on March 3,

14 2022, and with 146 days remaining, expired on July 26, 2022.  Petitioner did not file his amended

15 federal petition until September 5, 2023, which was over one year after the limitations period had

16 expired.  Therefore, Grounds Five and Six are untimely and should be dismissed.

17                         **RECOMMENDATION**

18     Based on the foregoing, the Court HEREBY RECOMMENDS that Respondent's motion to

19 dismiss be GRANTED and Grounds Five and Six be DISMISSED WITH PREJUDICE for

20 Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitations period.

21     This Findings and Recommendation is submitted to the United States District Court Judge

22 assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

23 Local Rules of Practice for the United States District Court, Eastern District of California.  Within

24 twenty-one (21) days after being served with a copy, any party may file written objections with the

25 Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

26 Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten

27 (10) court days (plus three days if served by mail) after service of the objections.  The Court will then

28 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 19, 2024**                       */s/ Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE