UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CERVANTES,<br><br>Petitioner,<br><br>v.<br><br>TAMMY CAMPBELL, Acting Warden,[1]<br><br>Respondent. | No. 1:22-cv-00175-KES-SKO (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br>(Doc. 33)<br><br>ORDER GRANTING IN PART RESPONDENT'S MOTION TO DISMISS GROUND FIVE, AND GRANTING RESPONDENT'S MOTION TO DISMISS GROUND SIX, FROM THE FIRST AMENDED PETITION<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND REFERRING MATTER BACK TO THE MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS |

Petitioner Carlos Cervantes is a state prisoner proceeding on a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 21.) He is represented in this action by Aaron Spolin, Esq. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 22, 2024, the assigned magistrate judge issued Findings and Recommendations to grant Respondent's motion to dismiss Grounds Five and Six from the first

---

[1] Tammy Campbell is hereby substituted for Brian Cates as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

amended petition. (Doc. 33.) Those Findings and Recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. On February 12, 2024, Petitioner filed objections to the Findings and Recommendations. (Doc. 34.) Petitioner's objections largely reiterate arguments he raised in opposition to the motion to dismiss. Respondent did not file a response to the objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court adopts in the part the Findings and Recommendations. As to Ground Six, the Court concludes that the Findings and Recommendations are supported by the record and proper analysis, and the motion to dismiss is granted as to Ground Six. The Court denies in part the motion to dismiss Ground Five. As to Ground Five, the Court finds that a sub-claim, asserting ineffective assistance of trial counsel with respect to the alleged failure to present evidence at trial that Petitioner's confession was coerced, relates back to the timely-filed Ground Two in Petitioner's initial federal habeas petition (Doc. 1). Accordingly, the motion to dismiss that sub-claim is denied. As to the remaining sub-claims in Ground Five, the Court concludes that the Findings and Recommendations are supported by the record and proper analysis, and the motion to dismiss is granted as to the remaining sub-claims.

**I.      Tolling of the Limitation Period**

Petitioner argues that Grounds Five and Six are timely. Petitioner asserted Grounds Five and Six in his initial federal habeas petition filed February 11, 2022, but simultaneously moved to dismiss Grounds Five and Six and to stay federal proceedings while he exhausted state remedies as to those grounds. (Docs. 1, 3.) The Court granted Petitioner's motion to dismiss Grounds Five and Six and stayed the federal proceedings pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). (Doc. 9.) Through counsel, on January 18, 2022, Petitioner filed his initial state habeas petition as to Grounds Five and Six.[2] By the time Petitioner filed that initial state habeas petition, only 146 days remained in the federal limitations period under 28 U.S.C. § 2244(d). (Doc. 33 at

---

[2] Petitioner filed his initial state habeas petition in the Kern County Superior Court. (*See* Docs. 23-12, 23-13.)

3.) The superior court denied the initial petition on March 2, 2022.  Petitioner thereafter did not file his second state habeas petition, in the appellate court, until September 12, 2022 – a gap of 193 days from March 2, 2022.

Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  For the reasons stated by the magistrate judge, Petitioner's claims were not "pending" during this 193-day gap period.  The Court agrees with the Findings and Recommendations that Petitioner's 193-day delay between the denial of his initial state habeas petition and his filing of the second state habeas petition was unreasonable, statutory tolling did not apply during this period, and the second petition was untimely.

Petitioner does not dispute the 193-day gap delay between his state habeas petitions.  Rather, he argues that Grounds Five and Six are nonetheless timely because the first 120 days should not be counted pursuant to *Robinson v. Lewis*, 9 Cal. 5th 883, 901 (Cal. 2020).  Petitioner misconstrues *Robinson*'s holding.  In *Robinson*, the California Supreme Court found a safe harbor for gap delays of 120 days or less.  *Id.*  However, the court made clear that gap delays longer than 120 days would remain subject to the normal analysis: "That is, we would consider whether, under all of the circumstances, gap delay longer than 120 days constituted substantial delay and, if so, whether the petitioner demonstrated good cause for the delay or an exception applied."  *Id.*  A gap of 193 days is a substantial delay and requires some good cause explanation.  *See id.* (allowing unexplained six-month gap delay would be "unduly generous").  Yet Petitioner offers no explanation for his delay in filing the second state habeas petition, and his failure to establish any good cause for the delay is fatal to his tolling argument.

Petitioner also argues that his claim of actual innocence excuses any untimeliness, but he fails to identify any specific, new exculpatory evidence not introduced at trial.  Petitioner fails to make out a claim of actual innocence sufficient to avoid the limitations bar.

///

///

## II. Relation Back

Petitioner also argues Grounds Five and Six are based on the same core of operative facts as his timely-filed Grounds One through Four and therefore relate back to Petitioner's initial federal habeas petition. The Court finds that Petitioner's subclaim in Ground Five (asserting ineffective assistance of counsel with respect to the alleged failure to present evidence at trial that Petitioner's confession was coerced), while presenting a different legal theory, is tied to the same core of operative facts as Petitioner's timely-filed Ground Two, which claimed that Petitioner's confession was coerced and was improperly admitted at trial in violation of the Fifth, Sixth, and Fourteenth Amendments. *See, e.g., Nguyen v. Curry*, 736 F.3d 1287, 1296–97 (9th Cir. 2013) (ineffective assistance claim based on failure to raise double jeopardy related back to timely-raised substantive double jeopardy claim), *abrogation on other grounds recognized by Ross v. Williams*, 950 F.3d 1160, 1168 (9th Cir. 2020) (en banc). Accordingly, the motion to dismiss is denied as to this sub-claim in Ground Five.

Otherwise, for the reasons stated by the magistrate judge, Petitioner's remaining ineffective assistance of counsel sub-claims in Ground Five, and Ground Six in its entirety, do not relate back to the original four claims, because they differ in both time and type from the original claims. *See Schneider v. McDaniel*, 674 F.3d 1144, 1151–52 (9th Cir. 2012) (ineffective assistance claim based on trial counsel's failure to investigate and to move to sever pretrial did not share common core of operative facts with petitioner's new claim that court erred in denying motion to sever during trial). Accordingly, the remaining sub-claims in Ground Five, and Ground 6 in its entirety, are dismissed as untimely.

## III. Certificate of Appealability

The Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial or dismissal of his claims, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a

district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies or dismisses with prejudice a petitioner's claim, the court may issue a certificate of appealability only when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

For the reasons stated above, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability.

**IV. Conclusion**

Accordingly,

1. The Findings and Recommendations issued on January 22, 2024 (Doc. 33) are ADOPTED IN PART.

    2.      Respondent's motion to dismiss (Doc. 28) is DENIED as to the sub-claim in Ground Five asserting ineffective assistance of counsel with respect to the alleged failure to present evidence at trial that Petitioner's confession was coerced. The motion to dismiss is GRANTED as to all remaining sub-claims in Ground Five. The motion to dismiss is GRANTED as to Ground Six.

    3.      Ground Six, and the dismissed sub-claims in Ground Five, are DISMISSED from the petition with prejudice.

    4.      The Court declines to issue a certificate of appealability.

    5.      The matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   March 26, 2024

UNITED STATES DISTRICT JUDGE