UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CERVANTES,<br><br>    Petitioner,<br><br>    v.<br><br>TAMMY CAMPBELL, Acting Warden,<br><br>    Respondent. | No. 1:22-cv-00175-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>(Doc. 45) |

Petitioner Carlos Cervantes is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 12, 2024, the assigned magistrate judge issued findings and recommendations to deny the petition on its merits. Doc. 45. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within thirty (30) days after service. On September 4, 2024, petitioner filed objections to the findings and recommendations. Doc. 46. Respondent did not file a reply.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de

1

novo review of the case.  Having carefully reviewed the entire file, including petitioner's objections, the Court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

All but one of petitioner's objections either repeat arguments already made in his petition or fail to meaningfully grapple with the conclusions of the findings and recommendations.  *See* Doc. 46 at 4–10.  Petitioner's objections as to his first claim argue that his Due Process rights were violated because the state court did not retroactively apply amendments to California Penal Code § 859.5, which requires that custodial interrogations be recorded.  Doc. 21 ¶¶ 23–26.  The state court adjudicated this claim on the merits.  *See People v. Cervantes*, 55 Cal. App. 5th 927 (Cal. Ct. App. 2020).  Petitioner's claim is plainly foreclosed by the fact that, as he concedes, "the Supreme Court has not explicitly held that applying statutes retroactively is mandatory . . . ."  Doc. 46 at 2.  A court reviewing a federal habeas petition is bound by the strictures of AEDPA, and as such, a court may not grant a writ of habeas corpus unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  As the Supreme Court has explained, if "[n]o holding of [the Supreme Court] required the California Court of Appeal to apply [the petitioner's proffered test], [it cannot be said that] the state court's decision was [] contrary to or an unreasonable application of clearly established federal law."  *Carey v. Musladin*, 549 U.S. 70, 77 (2006).  The cases cited by petitioner, which show that in some instances, the Supreme Court has applied various statutes retroactively, do not show that the Supreme Court has ever required a state court to apply a state criminal procedure statute retroactively, and they do not show that the Supreme Court has found a due process violation based on a state court's failure to do so.  *See* Doc. 46 at 3–4.  Accordingly, as the findings and recommendations conclude, habeas relief should be denied.

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  If a

1  court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if
2  jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional
3  claims or that jurists could conclude the issues presented are adequate to deserve encouragement to
4  proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the
5  petitioner is not required to prove the merits of his case, he must demonstrate "something more than
6  the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at
7  338.
8      In the present case, the Court finds that reasonable jurists would not find the Court's
9  determination that the petition should be denied debatable or wrong, or that the issues presented
10 deserve encouragement to proceed further.  Petitioner has not made the required substantial showing
11 of the denial of a constitutional right.  Therefore, the Court declines to issue a certificate of
12 appealability.
13     Accordingly,
14 1.   The findings and recommendations issued on August 12, 2024, Doc. 45, are
15      adopted in full;
16 2.   The petition for writ of habeas corpus is denied with prejudice;
17 3.   The Clerk of Court is directed to enter judgment and close the case; and
18 4.   The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   May 14, 2025

UNITED STATES DISTRICT JUDGE

3